Miles & another *v.* Connecticut Mutual Life Insurance Company.

*Osgood,* 19 Pick. 572.   *Kendall* v. *Lawrence,* 22 Pick. 540.   *Reed* v. *Batchelder,* 1 Met. 559.   *Corey* v. *Corey,* 19 Pick. 29.   *Worcester* v. *Eaton,* 13 Mass. 371.   *Nightingale* v. *Withington,* 15 Mass. 272.

---

ELMER B. MILES & another *vs.* CONNECTICUT MUTUAL LIFE INSURANCE COMPANY.

Statements in an application for life insurance, "upon the faith of which" the policy is expressed to be made, with a stipulation that, if they shall be found in any respect untrue, the policy shall be void, are warranties, and if untrue, even in a point immaterial to the risk, avoid the policy.

ACTION OF CONTRACT upon a policy of insurance issued to the plaintiffs upon the life of Alanson C. Currier, in which it is expressly "understood and agreed to be the true intent and meaning hereof, that if the proposal, answer and declaration made by" the plaintiffs, "and upon the faith of which this agreement is made, shall be found in any respect untrue, then and in such case this policy shall be null and void."

In that proposal, the plaintiffs declare (among other things) that the answers and statements therein made are correct and true, and " agree that the answers given to the following ques-tions, and the accompanying statements and this declaration, shall be the basis and form part of the contract or policy be-tween them and the said company, and that if the same be not in all respects true and correctly stated, the said policy shall be void." Among said questions and answers were the following : " Has any near relative of the party died or been afflicted with consumption or any pulmonary disease ? If so, state particu-lars; who, and at what age; and how many of the family are still living; what are their ages, and their present health." *An-swer.* " Two sisters, supposed by carelessness. Five children still living, all healthy." " Has the party been afflicted since childhood with consumption, or spitting of blood, and which ? " *Answer.* " No." " Has the party been afflicted with disease of the heart, or disease of any of the vital organs, and which ? " *Answer.* " No." " Has the party been afflicted, during the last seven years, with any severe or constitutional disease, and what? " *Answer.* " No." " Is the party now afflicted with any disease or disorder, and what ? " *Answer.* " No."

The defendants, in their answer, alleged that these statements were warranties, and that they were untrue, and the policy therefore void ; because Currier, at and for a long time before the date of the application, had been afflicted with bronchitis, consumption, and other severe disease of the throat and lungs, and his father had died of consumption, and a brother of his had been afflicted with pulmonary disease.

Trial in the court of common pleas, before *Mellen,* J., who signed the following bill of exceptions : " The court ruled that the statements and declarations contained in the application for insurance, and set forth in the defendants' answer, were warran-ties; and if any of them were untrue, the plaintiff could not recover; and that no regard should be had to the materiality of such statements or declarations so set forth as warranties, in re-lation to this point. The defendants offered evidence tending to show that some of these statements and declarations were

untrue. The jury found a verdict for the defendants, and the plaintiffs except to the foregoing ruling."

*R. A. Chapman,* for the plaintiffs.

*H. Morris,* for the defendants, cited Angell on Fire & Life Ins. §§ 140, 141, 142, 147, 148, 318, 319; 1 Phil. Ins. (3d ed.) § 755; Bunyon on Life Assurance, 31; Ellis on Fire & Life Ins. 28; *Worsley* v. *Wood,* 6 T. R. 710; *Houghton* v. *Manuf. Mutual Fire Ins. Co.* 8 Met. 114; *Vose* v. *Eagle Life & Health Ins. Co.* 6 Cush. 42; *Glendale Woollen Co.* v. *Protection Ins. Co.* 21 Conn. 19; *Newcastle Fire Ins. Co.* v. *Macmorran,* 3 Dow, 255.

METCALF, J. Upon the authorities cited for the defendants, and upon many others, the statements and declaration contained in the application for insurance, and referred to in the policy, were warranties; and if any of them, whether material or immaterial to the risk, were untrue, either from design, mistake or ignorance, the plaintiffs cannot recover. In their application, they agreed, in terms, that the answers given to the questions propounded to them, and the accompanying statements and declarations, should be the basis of the policy, and that if the same were not in all respects true, and correctly stated, the policy should be void. And it was moreover stated in the policy itself, that it was understood and agreed to be the true intent and meaning thereof, that if the answers and declaration made by the assured, and on the faith of which the policy was declared to be made, should " be found in any respect untrue," the policy should be null and void. The jury having found that some of those answers were untrue, and no motion being made to set aside the verdict as against the evidence, there is an end of the plaintiffs' case. *Exceptions overruled.*